IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JERRY PAGE                                                                                    PETITIONER

VS.                                                          CIVIL ACTION NO. 2:20-cv-77-TBM-FKB

SUPERINTENDENT ANDREW
MILLS                                                                                          RESPONDENT

## REPORT AND RECOMMENDATION

Jerry Page is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents have filed a motion to dismiss the petition as untimely [10], to which Page has failed to respond. The undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Page was tried and convicted in September of 2016 in the Circuit Court of Marion County, Mississippi, of murder, possession of a firearm by a convicted felon, arson, and simple assault on a law enforcement officer.  He was sentenced as a habitual offender to four consecutive terms of life imprisonment without eligibility for parole or early release. The Mississippi Court of Appeals affirmed Page's conviction and sentence on June 19, 2018.  *Page v. State*, 269 So.3d 440 (Miss. Ct. App. 2018), *reh'g denied*, September 25, 2018.  Pursuant to Miss. R. App. P. 17(b), Page had 14 days, *i.e.*, until October 9, 2018, in which to file a petition for a writ of certiorari with the Mississippi Supreme Court.  However, he failed to meet the deadline.  Instead, he filed his petition for a writ of certiorari on November 19, 2018.  By order dated December 4, 2018, the Mississippi Supreme Court denied the petition as untimely.  Page's § 2254 petition is deemed to have been filed with this court on April 22, 2020.[1]

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Page ended his appeal process by failing to seek discretionary review by the state supreme court within the 14-day period set forth in Miss. R. App. P. 17(b), his conviction became final on October 9, 2018, when his 14 days expired. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Page had one year from that date, or until October 9, 2019, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for any period during

---

F.3d 401, 196 F.3d 1259 (5th Cir. 1999). The envelope in which the petition was mailed to this court indicates that Page delivered his petition to prison officials on April 22, 2020. [1-2].

which a properly-filed motion for post-conviction relief was pending in the state court. Page filed no motion for post-conviction relief by October 9, 2019.[2]  Thus, his one year expired on that day, and his federal petition, filed on April 22, 2020, is untimely.

Furthermore, Page has not shown that he is entitled to the benefits of equitable tolling.  In order to avail himself of that doctrine, a petitioner must show that in spite of diligent pursuit of his rights, some extraordinary circumstance prevented him from timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The only argument Page has made in this regard is his allegation in the petition that requests for legal assistance often go unanswered at the prison and that "between inmates running the facility, ignored requests and this pandemic outbreak [h]e should not be penalized for tardiness."  [1] at 13-14.  These allegations do not rise to the level of the showing required by *Holland*.

Accordingly, it is recommended that the motion to dismiss be granted and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[2] As Respondent points out in his motion, the records of the Mississippi Supreme Court reflect that Page signed a motion for post-conviction relief on October 31, 2019.  The motion was denied on February 20, 2020.  Because Page's time period for filing a federal petition had already expired, the pendency of the state proceeding had no effect on the limitations period for his federal petition.

Respectfully submitted, this the 9th day of April, 2021.

                                                        s/ F. Keith Ball  
                                                       United States Magistrate Judge