IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JERRY PAGE**     **PETITIONER**

**v.**     **CIVIL ACTION NO. 2:20-cv-77-TBM-FKB**

**SUPERINTENDENT ANDREW MILLS**     **RESPONDENT**

### ORDER

The Petitioner filed his Petition [1] for Writ of Habeas Corpus in this Court on April 22, 2020. The Respondent filed a Motion to Dismiss [13] on September 18, 2020, to which the Petitioner filed no response. On April 9, 2021, United States Magistrate Judge F. Keith Ball entered a Report and Recommendation [16] recommending that the Respondent's Motion to Dismiss be granted, and the Petition be dismissed with prejudice as untimely. The Petitioner timely filed Objections [17] and [19] to the Report and Recommendation. As discussed fully below, the Petitioner's Objections are overruled, the Report and Recommendation is adopted as the opinion of the Court, and the Motion to Dismiss is granted.

### I. INTRODUCTION

The Petitioner was convicted and sentenced in September 2016 in the Circuit Court of Marion County, Mississippi, for first-degree murder, arson, possession of a firearm by a convicted felon, and simple assault on a law enforcement officer. The Petitioner appealed, and the Mississippi Court of Appeals affirmed his conviction and sentence on June 19, 2018. The Mississippi Court of Appeals denied the Petitioner's request for a rehearing on September 25, 2018. Pursuant to Rule 17(b) of the Mississippi Rules of Appellate Procedure, the Petitioner had until October 9, 2018, to file a petition for writ of certiorari with the Mississippi Supreme Court. Because the Petitioner did not meet this

deadline, Magistrate Judge Ball found that the Petitioner's underlying state court sentence became final on October 9, 2018, for the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Magistrate Judge Ball recognized that under the AEDPA, the Petitioner had until October 9, 2019, to file a state court motion for post-conviction relief or a federal habeas petition, but he failed to do so. Accordingly, Magistrate Judge Ball found that his federal habeas petition filed in this Court on April 22, 2020, was untimely by approximately six months.

In his Objections to the Report and Recommendation, the Petitioner objects to Magistrate Judge Ball's finding that his underlying state conviction and sentence became final on October 9, 2018. However, the Petitioner raises this argument for the first time in his Objections to the Report and Recommendation, rather than in his Petition or in response to the Respondent's Motion to Dismiss. Accordingly, the Court finds that the Petitioner's Objections are not properly before this Court. Out of an abundance of caution, however, the Court conducted a *de novo* review of the Petitioner's Objections and finds that even if considered, his Objections are without merit and his underlying conviction and sentence became final on October 9, 2018.

## II. DISCUSSION AND ANALYSIS

In his Objections to the Report and Recommendation, the Petitioner objects to Magistrate Judge Ball's finding that his underlying state conviction and sentence became final on October 9, 2018. In support of his objection to the date his conviction became final, the Petitioner submitted a document titled "Compelling Motion for Records and Transcripts" that is dated October 4, 2018. The Petitioner claims this document was mailed to the Mississippi Supreme Court Clerk of Court and requested, among other things, the court "extend any time restrictions while the court considers [his] motion." [14-15], pg. 16; [19-2]. While the Petitioner's inmate mail log reflects that he may have

delivered such a motion for mailing on October 4, 2018, the Mississippi Supreme Court's docket does not reflect that his motion was ever received or filed with the Mississippi Supreme Court. [19-2].

Although the Petitioner's motion for time was never granted, he filed his petition for writ of certiorari with the Mississippi Supreme Court on November 9, 2018, pursuant to the prison mailbox rule.[1] The Mississippi Supreme Court denied his petition on December 13, 2018, as untimely. The Mississippi Supreme Court recognized that, "'unless extended upon motion' timely filed, Page had until October 9, 2018 to file a petition for writ of certiorari. M.R.A.P. 17(b)." [13-3]. There is no reference to the motion for time that the Petitioner claims he sent and that appears was never received.

If the prison did not mail his motion, or if the Mississippi Supreme Court did not receive or file the Petitioner's request for time, then this could give rise to a statutory tolling argument as a state-created impediment under Section 2244(d)(1)(B), which could present an argument that would alter the date his conviction and sentence became final for the purposes of the AEDPA. 28 U.S.C. § 2244(d)(1)(B) (providing that a petitioner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law). Rather than raising a statutory tolling argument in his Petition or in response to Respondent's Motion to Dismiss, however, the Petitioner merely attached a document to his Objections to the Report and Recommendation that could give rise to such an argument. In fact, apart from attaching this document to his Objections, the Petitioner has not specifically made a statutory tolling argument at any point during this action. While the Fifth Circuit has held that a district court has discretion to "construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint[,]" the Court declines to exercise such discretion here. *Hutto v. Epps*, No. 4:08-cv-60-DPJ,

---

[1] His petition for writ of certiorari was docketed by the Mississippi Supreme Court on November 19, 2018. [14-14], pg. 5.

3

2010 WL 610095, at *2 (S.D. Miss. Feb. 19, 2010) (quoting *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996)). The Petitioner has failed to explain why this issue was not raised in his Petition or in response to the Motion to Dismiss, and the Fifth Circuit has noted that the failure to present arguments to the magistrate judge can constitute a waiver of such argument. *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994) (citing *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988)). Accordingly, the Court finds the Petitioner's Objections are not properly before this Court.

Even if the Court were to consider the document submitted by the Petitioner in support of his Objections to the Report and Recommendation, however, it would not alter the date his underlying conviction became final or change the outcome of this case. Even if a state-created impediment under Section 2244(d)(1)(B) was created because the prison did not mail his motion, or because the Mississippi Supreme Court did not receive or file the Petitioner's request for time, the Petitioner is not entitled to statutory tolling as he cannot show it prevented him from timely filing his state court motion for post-conviction relief, or federal habeas petition, on or before October 9, 2019.

In *McNac v. Thaler*, the Fifth Circuit was presented with a comparable situation. *McNac v. Thaler*, 480 F. App'x 338, 343 (5th Cir. 2012). The Fifth Circuit explained that although the petitioner's state application was filed late due to an error by the clerk's office, the petitioner knew he had approximately four months after that application was denied in which to timely file his federal habeas petition. *McNac*, 480 F. App'x at 344. Because the delay by the clerk's office did not prevent the petitioner from timely filing his federal habeas petition, the Fifth Circuit found he was not entitled to statutory tolling under Section 2244(d)(1)(B). *Id*. The Fifth Circuit also noted "that the clerk's office's delay in filing his application [did not rise] to the level of a constitutional deprivation of due

process" as the petitioner failed to present any evidence that the clerk's office "routinely fail[ed] to file prisoners' applications." *Id*. at 343-44.

Here, the Petitioner is in a similar situation. He received a copy of the Mississippi Supreme Court's December 13, 2018, Order denying his Petition. Through this Order, he knew the Mississippi Supreme Court considered his conviction final as of October 9, 2018. The Petitioner was therefore aware that he had approximately ten months to timely file a motion for post-conviction relief with the Mississippi Supreme Court, or a federal habeas petition in this Court pursuant to the AEDPA. As in *McNac*, here the Petitioner has not shown that there was an error that actually prevented him from timely filing his motion for post-conviction relief, or federal habeas petition, on or before October 9, 2019. Accordingly, the Petitioner cannot show a constitutional deprivation of due process and the Petitioner is therefore not entitled to statutory tolling under Section 2244(d)(1)(B). *McNac v. Thaler*, 480 F. App'x 338, 343 (5th Cir. 2012); *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (holding that the prisoner was not entitled to statutory tolling under Section 2244(d)(1)(B) because the prisoner "had the power to blunt the effect of any state-created impediment," and that the "impediment did not 'prevent' him from the timely filing of an application for habeas relief").

Because the Petitioner is not entitled to statutory tolling under Section 2244(d)(1)(B), his state court motion for post-conviction relief, or federal habeas petition, was due by October 9, 2019, pursuant to the AEDPA's one-year limitations period. The Petitioner failed to meet this deadline, and instead filed his state court motion for post-conviction relief with the Mississippi Supreme Court approximately three weeks later on October 31, 2019. Section 2244(d)(2) provides that the one-year statute of limitations for the filing of a federal habeas petition shall be tolled while any "*properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending[.]" 28 U.S.C. § 2244(d)(2) (emphasis added). Since the Petitioner's state court motion for post-conviction relief was not filed within the AEDPA's one-year limitations period, however, the pendency of the state court proceeding has no effect on the timeliness of his federal habeas petition. Therefore, the Petitioner's federal habeas petition filed in this Court on April 22, 2020, was approximately six months late.

While the Petitioner states in his Petition that he "should not be penalized for tardiness" due to "inmates running the facility, ignored request and this pandemic outbreak[,]" the Court finds he is not entitled to equitable tolling for the six-month delay in filing his Petition in this Court. A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *United States v. Thomas*, No. 18-135-CJB, 2020 WL 7229705, at * 2 (E.D. La. Dec. 8, 2020) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The decision whether to grant or deny equitable tolling is left to the discretion of district courts and requires district courts to "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quotation omitted).

Here, the Court finds no "rare" or "exceptional circumstances" that justify equitable tolling. Indeed, the Petitioner has not offered any specific facts or evidence to support these general allegations and has failed to show that they had anything to do with the untimeliness of his Petition. Further still, the Petitioner has presented no evidence that he was diligently pursuing his rights during the six-month delay. And apart from a singular mention of the COVID-19 pandemic, the Petitioner has pointed to no extraordinary circumstances that caused the six-month delay. *See Hutto v. Cain*, No.

3:20-cv-98-DPJ, 2021 WL 2785336 (S.D. Miss. Jun. 26, 2020) (finding equitable tolling due to the COVID-19 pandemic appropriate where the petitioner has shown he was "otherwise diligent in pursuing his case."); *Harris v. Farris*, No. 20-282-RAW, 2021 WL 2292212, at * 2 (E.D. Okla. May 27, 2021) (collecting cases). For all of these reasons, the Court finds that the Petitioner is not entitled to equitable tolling.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Petitioner's Objections [17], [19], to the Report and Recommendation are OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that the Report and Recommendation [16] entered by United States Magistrate Judge F. Keith Ball on April 9, 2021, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Respondents' Motion to Dismiss [13] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED this CASE is DISMISSED WITH PREJUDICE.

THIS, the 16th day of September, 2021.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE